IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FRANK ASKEW
a/k/a Mu'Min Abdulaziz                                                                          PLAINTIFF

v.                         Case No. 6:24-cv-06127-SOH-MEF

WARDEN WALTER WHITE, *et al.*                                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey Court Orders and failure to prosecute this case.

### I.    BACKGROUND

Plaintiff filed his Complaint on September 19, 2024. (ECF No. 1). On September 23, 2024, the Court entered an Order directing Plaintiff to submit an Amended Complaint to address deficiencies in his initial Complaint. (ECF No. 7). Plaintiff was directed to submit his Amended Complaint by October 15, 2024. (*Id.*). On October 15, 2024, Plaintiff filed a Motion to Reconsider the Order to Amend. (ECF No. 9). This Motion was denied on October 21, 2024. (ECF No. 12).

On October 18, 2024, Plaintiff filed a Motion for Extension of Time to Amend Complaint. (ECF No. 11). This Motion was granted, giving Plaintiff until November 6, 2024, to submit his Amended Complaint. (ECF No. 13). Plaintiff also filed a Notice of Address Change, indicating

1

he had been released from incarceration in the Omega Technical Violator Center and was now housed at the Shalom Recovery Center. (ECF No. 10).

On October 28, 2024, mail sent to Plaintiff was returned as undeliverable and resent to Shalom Recovery Center. (ECF No. 14). The Order granting the extension of time to amend was not included in this returned mail. (*Id.*). When Plaintiff failed to file his Amended Complaint, the Court entered a Show Cause Order directing Plaintiff to show cause for his failure by December 9, 2024. (ECF No. 15). Plaintiff submitted his Show Cause Response on December 10, 2024. (ECF No. 16). In his Response, he stated that he had some "family emergencies, went through depression and had to re-group on some emotional/mental issues." (*Id.*). He stated he was "much better now." (*Id.*).

On December 13, 2024, the Court entered an Order giving Plaintiff until January 10, 2025, to submit his Amended Complaint. (ECF No. 17). When Plaintiff again failed to submit his Amended Complaint, the Court entered a second Show Cause Order on January 27, 2025. (ECF No. 18). Plaintiff was given until February 18, 2025, to submit his Show Cause Response. (*Id.*).

None of these Orders were returned as undeliverable. To date, Plaintiff has failed to submit his Second Show Cause Response or his Amended Complaint.

## II.    LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

> proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.     ANALYSIS

Despite being given two generous extensions of time to do so, Plaintiff has failed to comply with Court Orders and file his Amended Complaint. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

<u>Referral Status</u>: This case should not remain referred as all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

 DATED this 28th day of February 2025.

              /s/ *Mark E. Ford*
              HON. MARK E. FORD
              UNITED STATES MAGISTRATE JUDGE